# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DANA O'NEAL,                              Case No. 22-cv-10470
                                          Hon. Victoria A. Roberts
                Plaintiff,                Magistrate Judge Elizabeth A. Stafford

v.

52ND DISTRICT COURT and
JUDGE JOSEPH G. FABRIZIO,
in his personal capacity,

                Defendants.

---

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND

269628992

Defendants 52nd District Court ("52nd District Court") and Judge Joseph G. Fabrizio ("Judge Fabrizio") (collectively, "Defendants"), through their attorneys Clark Hill PLC, state as follows for their Answer and Affirmative Defenses to Plaintiff's First Amended Complaint and Jury Demand ("First Amended Complaint"):

## INTRODUCTION

1.      Paragraph 1 contains conclusions of law, to which no response is required, and improper argument in violation of Fed. R. Civ. P. 8(a)(2)'s requirement that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleading is entitled to relief[.]" To the extent that a response is deemed required, Defendants admit only that Plaintiff's lawsuit is premised on alleged violations of 42 U.S.C. § 1983 (First Amendment Retaliation) and Michigan's Whistleblower Protection Act ("WPA"), MCL § 15.362, *et seq.*, and that Plaintiff seeks equitable and declaratory relief and monetary damages against Defendants arising out of her employment with and termination from the 52nd District Court. Defendants deny any violation of 42 U.S.C. § 1983/the First Amendment or the WPA. Defendants further deny as untrue any allegation not specifically admitted.

## PARTIES AND JURISDICTION[1]

6.     Defendants neither admit nor deny the allegations contained in Paragraph 6, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

7.     Admitted.

8.     Admitted.

9.     Paragraph 9 contains a conclusion of law to which no response is required.

10.     Paragraph 10 contains a conclusion of law to which no response is required.

11.     Paragraph 11 contains a conclusion of law to which no response is required.

12.     Defendants admit only that Plaintiff's First Amended Complaint initially sued Judge Fabrizio in both his individual and official capacities. However, Plaintiff later abandoned her official capacity claims against Judge Fabrizio and against the 52nd District Court, *see* ECF No. 13, PageID.225 ("Plaintiff concedes that her First Amendment Retaliation claim (Count I) against the 52nd District Court and

---

[1] Plaintiff's First Amended Complaint omits Paragraphs 2 through 5. Defendants presume this was a typographical error. Rather an attempt to re-number Plaintiff's First Amended Complaint throughout this pleading, Defendants will utilize the paragraph numbering as it appears on ECF No. 9.

269628992

Chief Judge Fabrizio in his official capacity can be dismissed pursuant to the Sixth Circuit's holding in *Pucci v. Nineteenth Dist. Court*, 628 F.3d 752 (6th Cir. 2010).""). On November 4, 2022, the Court entered an order dismissing Plaintiff's official capacity claim in Count I against Judge Fabrizio. *See* ECF No. 15, PageID.331–32 ("Because O'Neal concedes that her claim against Fabrizio in his official capacity is improper, the Court **DISMISSES** that claim.").

13.    Paragraph 13 contains a conclusion of law to which no response is required.

## FACTUAL ALLEGATIONS

14.    Admitted.

15.    Defendants neither admit nor deny the allegations contained in Paragraph 15, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

16.    Defendants neither admit nor deny the allegations contained in Paragraph 16, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

17.    Defendants neither admit nor deny the allegations contained in Paragraph 17, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

269628992

18.     Defendants neither admit nor deny the allegations contained in Paragraph 18, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

19.     Admitted.

20.     Admitted.

21.     Defendants deny as untrue the allegations contained in Paragraph 21 in the manner and form alleged.

22.     Admitted.

23.     Defendants deny as untrue the allegations contained in Paragraph 23 in the manner and form alleged.

24.     Admitted.

25.     Defendants deny as untrue the allegations contained in Paragraph 25 in the manner and form alleged.

26.     Defendants deny as untrue the allegations contained in Paragraph 26 in the manner and form alleged.

27.     Defendants deny as untrue the allegations contained in Paragraph 27 in the manner and form alleged.

28.     Defendants deny as untrue the allegations contained in Paragraph 28 in the manner and form alleged.

269628992

29.     Defendants deny as untrue the allegations contained in Paragraph 29 in the manner and form alleged.

30.     Defendants neither admit nor deny the allegations contained in Paragraph 30, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

31.     Defendants neither admit nor deny the allegations contained in Paragraph 31, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

32.     The allegation contained in Paragraph 32 that "Judge Hartig displayed a pattern or practice of demeaning and belittling others" is a legal conclusion so to which no response is required. Defendants neither admit nor deny the remaining allegations contained in Paragraph 32, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

33.     Defendants neither admit nor deny the allegations contained in Paragraph 33, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

34.     Defendants neither admit nor deny the allegations contained in Paragraph 34, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

269628992

35.     Defendants neither admit nor deny the allegations contained in Paragraph 35, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

36.     Defendants neither admit nor deny the allegations contained in Paragraph 36, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

37.     Defendants neither admit nor deny the allegations contained in Paragraph 37, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

38.     Defendants neither admit nor deny the allegations contained in Paragraph 38, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

39.     Defendants neither admit nor deny the allegations contained in Paragraph 39, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

40.     Defendants deny as untrue the allegations contained in Paragraph 40 in the manner and form alleged.

41.     Defendants neither admit nor deny the allegations contained in Paragraph 41, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

269628992

42.     Defendants deny as untrue the allegations contained in Paragraph 42 in the manner and form alleged.

43.     Defendants deny as untrue the allegations contained in Paragraph 43 in the manner and form alleged.

44.     Defendants admit only that Plaintiff reported an alleged September 2018 incident between her and Judge Hartig to Judge Fabrizio and that Judge Fabrizio made SCAO aware of alleged incident. Defendants further deny as untrue any allegation not specifically admitted in the manner and form alleged.

45.     Defendants deny as untrue the allegations contained in Paragraph 45 in the manner and form alleged.

46.     Defendants deny as untrue the allegations contained in Paragraph 46 in the manner and form alleged.

47.     Defendants admit only that Judge Fabrizio made the Oakland County Human Resources Department aware of Plaintiff's complaints regarding Judge Hartig and that the Oakland County Human Resources Department conducted an investigation. Defendants further deny as untrue any allegation not specifically admitted in the manner and form alleged.

48.     Defendants neither admit nor deny the allegations contained in Paragraph 48, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

269628992

49.     Defendants neither admit nor deny the allegations contained in Paragraph 49 being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

50.     Defendants deny as untrue the allegations contained in Paragraph 50 in the manner and form alleged.

51.     Defendants neither admit nor deny the allegations contained in Paragraph 51, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

52.     Defendants neither admit nor deny the allegations contained in Paragraph 52, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

53.     Defendants deny as untrue the allegations contained in Paragraph 53 in the manner and form alleged.

54.     Defendants neither admit nor deny the allegations contained in Paragraph 54, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

55.     Defendants neither admit nor deny the allegations contained in Paragraph 55, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

269628992

56.     Defendants admit only that on June 5, 2020, Judge Fabrizio executed Administrative Order 2020-04 and that Administrative Order 2020-04 is the best evidence of its contents. Defendants deny as untrue any characterizations of Administrative Order 2020-04 that are inconstant with its contents. Answering further, Defendants state that MCR 8.119(H)(8) and SCAO required the 52nd District Court to adopt such an order and that the language in Administrative Order 2020-04 is consistent with the mandates set forth in MCR 8.119 and the Model Administrative Order issued by SCAO.

57.     Defendants deny as untrue the allegations contained in Paragraph 57 in the manner and form alleged. Defendants further deny as untrue any characterizations of Administrative Order 2020-04, which is the best evidence of its contents, that are inconstant with its contents.

58.     Defendants admit only that on or about July 30, 2020, the Judicial Tenure Commission acknowledged receipt of Judge Fabrizio's Request for Investigation. Defendants deny as untrue the remaining allegations contained in Paragraph 58 in the manner and form alleged.

59.     Defendants admit only that, upon information and belief, a JTC investigation remains pending. Defendants deny as untrue the remaining allegations contained in Paragraph 59 in the manner and form alleged.

60.     Defendants admit only that Plaintiff has attempted to restate the "General Summary" her job description. Defendants deny as untrue that the "General Summary" contains any italicization or emphasis and deny as untrue that the "General Summary" encompasses all of Plaintiff's job duties or responsibilities.

61.     Defendant denies as untrue the allegations contained in Paragraph 61.

62.     Defendant denies as untrue the allegations contained in Paragraph 62.

63.     Defendant denies as untrue the allegations contained in Paragraph 63.

64.     Defendants deny as untrue the allegations contained in Paragraph 64 in the manner and form alleged.

65.     Defendants deny as untrue the allegations contained in Paragraph 65 in the manner and form alleged.

66.     Defendants deny as untrue the allegations contained in Paragraph 66 in the manner and form alleged.

67.     Defendants deny as untrue the allegations contained in Paragraph 67 in the manner and form alleged.

68.     Defendants deny as untrue the allegations contained in Paragraph 68.

69.     Defendants neither admit nor deny the allegations contained in Paragraph 69, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

70.     Defendants neither admit nor deny the allegations contained in Paragraph 70, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

71.     Defendants neither admit nor deny the allegations contained in Paragraph 71, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

72.     Defendants neither admit nor deny the allegations contained in Paragraph 72, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

73.     Defendants neither admit nor deny the allegations contained in Paragraph 73, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

74.     Defendants neither admit nor deny the allegations contained in Paragraph 74, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

75.     Defendants deny as untrue the allegations contained in Paragraph 75 in the manner and form alleged.

76.     Defendants neither admit nor deny the allegations contained in Paragraph 76, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

77.     Defendants neither admit nor deny the allegations contained in Paragraph 77, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

78.     Defendants neither admit nor deny the allegations contained in Paragraph 78, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

79.     Defendants deny as untrue the allegations contained in Paragraph 79.

80.     Defendants deny as untrue the allegations contained in Paragraph 80 in the manner and form alleged.

81.     Defendants deny as untrue the allegations contained in Paragraph 81 in the manner and form alleged. Answering further, the publication Plaintiff cites to is the best evidence of its contents and Defendants deny as untrue any allegations that are inconsistent with the publication.

82.     Defendants neither admit nor deny the allegations contained in Paragraph 81, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs. Answering further, the publication Plaintiff cites to is the best evidence of its contents and Defendants deny as untrue any allegations that are inconsistent with the publication.

83.     Defendants neither admit nor deny the allegations contained in Paragraph 83, being without sufficient information and knowledge to form a belief,

and leave Plaintiff to her proofs. Answering further, the publication Plaintiff cites to is the best evidence of its contents and Defendants deny as untrue any allegations that are inconsistent with the publication.

84.     Defendants deny as untrue the allegations contained in Paragraph 84 in the manner and form alleged.

85.     Defendants neither admit nor deny the allegations contained in Paragraph 85, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

86.     Defendants deny as untrue the allegations contained in Paragraph 86 in the manner and form alleged. Answering further, the publication Plaintiff cites to is the best evidence of its contents and Defendants deny as untrue any allegations that are inconsistent with the publication.

87.     Defendants deny as untrue the allegations contained in Paragraph 87.

88.     Defendants neither admit nor deny the allegations contained in Paragraph 88, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

89.     Defendants admit only that on December 10, 2021, they terminated Plaintiff's employment as Court Administrator for the 52-4 District Court. Defendants further deny as untrue any allegation not specifically admitted.

269628992

90.   Paragraph 90 contains a legal conclusion to which no response is required.

91.   Paragraph 91 contains a legal conclusion to which no response is required.

92.   Defendants deny as untrue the allegations contained in Paragraph 92.

93.   Defendants deny as untrue the allegations contained in Paragraph 93.

94.   Defendants neither admit nor deny the allegations contained in Paragraph 94, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

95.   Defendants neither admit nor deny the allegations contained in Paragraph 95, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

**COUNT I**
**42 U.S.C. § 1983**
**FIRST AMENDMENT RETALIATION**

96.   Defendants incorporate their answers and responses to Paragraphs 1 through 95 as though fully restated herein.

97.   Paragraph 97 contains a statement of the law to which no response is required. Answering further, Plaintiff abandoned her official capacity claims against Judge Fabrizio and against the 52nd District Court in Count I. *See* ECF No. 13, PageID.225.

98.     Paragraph 98 contains a statement of the law to which no response is required. Answering further, Plaintiff abandoned her official capacity claims against Judge Fabrizio and against the 52nd District Court in Count I. *See* ECF No. 13, PageID.225.

99.     Paragraph 99 contains a statement of the law to which no response is required. Answering further, Plaintiff abandoned her official capacity claims against Judge Fabrizio and against the 52nd District Court in Count I. *See* ECF No. 13, PageID.225.

100.    Paragraph 100 contains a statement of the law to which no response is required. Answering further, Plaintiff abandoned her official capacity claims against Judge Fabrizio and against the 52nd District Court in Count I. *See* ECF No. 13, PageID.225.

101.    Paragraph 101 contains a statement of the law to which no response is required. Answering further, Plaintiff abandoned her official capacity claims against Judge Fabrizio and against the 52nd District Court in Count I. *See* ECF No. 13, PageID.225.

102.    Paragraph 102 contains a statement of the law to which no response is required. Answering further, Plaintiff abandoned her official capacity claims against Judge Fabrizio and against the 52nd District Court in Count I. *See* ECF No. 13, PageID.225.

269628992

103.   Paragraph 103 contains a statement of the law to which no response is required. Answering further, Plaintiff abandoned her official capacity claims against Judge Fabrizio and against the 52nd District Court in Count I. *See* ECF No. 13, PageID.225.

104.   Defendants deny as untrue the allegations contained in Paragraph 104. Answering further, Plaintiff abandoned her official capacity claims against Judge Fabrizio and against the 52nd District Court in Count I. *See* ECF No. 13, PageID.225.

105.   Paragraph 105 contains a statement of the law to which no response is required. Answering further, Plaintiff abandoned her official capacity claims against Judge Fabrizio and against the 52nd District Court in Count I. *See* ECF No. 13, PageID.225.

106.   Defendants deny as untrue the allegations contained in Paragraph 106. Answering further, Plaintiff abandoned her official capacity claims against Judge Fabrizio and against the 52nd District Court in Count I. *See* ECF No. 13, PageID.225.

107.   Defendants deny as untrue the allegations contained in Paragraph 107. Answering further, Plaintiff abandoned her official capacity claims against Judge Fabrizio and against the 52nd District Court in Count I. *See* ECF No. 13, PageID.225.

108.   Defendants deny as untrue the allegations contained in Paragraph 108. Answering further, Plaintiff abandoned her official capacity claims against Judge Fabrizio and against the 52nd District Court in Count I. *See* ECF No. 13, PageID.225.

109.   Defendants deny as untrue the allegations contained in Paragraph 109. Answering further, Plaintiff abandoned her official capacity claims against Judge Fabrizio and against the 52nd District Court in Count I. *See* ECF No. 13, PageID.225.

110.   Defendants deny as untrue the allegations contained in Paragraph 110. Answering further, Plaintiff abandoned her official capacity claims against Judge Fabrizio and against the 52nd District Court in Count I. *See* ECF No. 13, PageID.225.

111.   Defendants deny as untrue the allegations contained in Paragraph 111. Answering further, Plaintiff abandoned her official capacity claims against Judge Fabrizio and against the 52nd District Court in Count I. *See* ECF No. 13, PageID.225.

112.   Defendants deny as untrue the allegations contained in Paragraph 112. Answering further, Plaintiff abandoned her official capacity claims against Judge Fabrizio and against the 52nd District Court in Count I. *See* ECF No. 13, PageID.225.

269628992

113.   Defendants deny as untrue the allegations contained in Paragraph 113. Answering further, Plaintiff abandoned her official capacity claims against Judge Fabrizio and against the 52nd District Court in Count I. *See* ECF No. 13, PageID.225.

114.   Defendants deny as untrue the allegations contained in Paragraph 114. Answering further, Plaintiff abandoned her official capacity claims against Judge Fabrizio and against the 52nd District Court in Count I. *See* ECF No. 13, PageID.225.

115.   Defendants deny as untrue the allegations contained in Paragraph 115. Answering further, Plaintiff abandoned her official capacity claims against Judge Fabrizio and against the 52nd District Court in Count I. *See* ECF No. 13, PageID.225.

116.   Defendants deny as untrue the allegations contained in Paragraph 116. Answering further, Plaintiff abandoned her official capacity claims against Judge Fabrizio and against the 52nd District Court in Count I. *See* ECF No. 13, PageID.225.

117.   Defendants deny as untrue the allegations contained in Paragraph 117. Answering further, Plaintiff abandoned her official capacity claims against Judge Fabrizio and against the 52nd District Court in Count I. *See* ECF No. 13, PageID.225.

269628992

118.   Defendants deny as untrue the allegations contained in Paragraph 118. Answering further, Plaintiff abandoned her official capacity claims against Judge Fabrizio and against the 52nd District Court in Count I. *See* ECF No. 13, PageID.225.

WHEREFORE, Defendants request that this Court enter judgment against Plaintiff and in favor of Defendants, dismiss Plaintiff's First Amended Complaint in its entirety, with prejudice, and award Defendants their costs, attorneys' fees, including those costs and attorneys' fees wrongfully incurred under 42 U.S.C. § 1988, and other appropriate equitable relief.

## COUNT II
### MCL § 15.361, et seq.
### <u>MICHIGAN'S WHISTLEBLOWER'S PROTECTION ACT</u>

119.   Defendants incorporate their answers and responses to Paragraphs 1 through 118 as though fully restated herein.

120.   Paragraph 120 contains a conclusion of law to which no response is required.

121.   Paragraph 121 contains a conclusion of law to which no response is required.

122.   Paragraph 122 contains a statement of the law to which no response is required.

123.   Defendants deny as untrue the allegations contained in Paragraph 123.

124.    Defendants deny as untrue the allegations contained in Paragraph 124.

125.    Defendants deny as untrue the allegations contained in Paragraph 125.

126.    Defendants deny as untrue the allegations contained in Paragraph 126.

WHEREFORE, Defendants request that this Court enter judgment against Plaintiff and in favor of Defendants, dismiss Plaintiff's First Amended Complaint in its entirety, with prejudice, and award Defendants their costs, attorneys' fees, including those costs and attorneys' fees wrongfully incurred under 42 U.S.C. § 1988, and other appropriate equitable relief.

## **PRAYER FOR RELIEF**

In answer to the Paragraph "Prayer for Relief," Defendants deny Plaintiff is entitled to any relief whatsoever, including the relief requested in sub-paragraphs (a) through (g).

WHEREFORE, Defendants request that this Court enter judgment against Plaintiff and in favor of Defendants, dismiss Plaintiff's First Amended Complaint in its entirety, with prejudice, and award Defendants their costs, attorneys' fees, including those costs and attorneys' fees wrongfully incurred under 42 U.S.C. § 1988, and other appropriate equitable relief.

## **JURY DEMAND**

Defendants 52nd District Court ("52nd District Court") and Judge Joseph G. Fabrizio ("Judge Fabrizio") (collectively, "Defendants"), through their attorneys

Clark Hill PLC, hereby rely on the jury demand filed by Plaintiff in the above-entitled cause of action and demand a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

Defendants 52nd District Court ("52nd District Court") and Judge Joseph G. Fabrizio ("Judge Fabrizio") (collectively, "Defendants"), through their attorneys Clark Hill PLC, state as follows for their Affirmative Defenses to Plaintiff's First Amended Complaint and Jury Demand ("First Amended Complaint"):

1.      Plaintiffs claims should be dismissed, in whole or in part, because she has failed to state a claim upon which relief can be granted.

2.      Defendants have not violated any established right under the Constitution or laws of the United States or any political subdivision or any act of Congress providing for the protection of civil rights.

3.      Defendant 52nd District Court and its employees acted in the lawful exercise of their discretion and as a result Defendant 52nd District Court is entitled to governmental immunity.

4.      Judge Fabrizio has not violated any clearly established constitutional or statutory rights that a reasonable person is likely to have known and therefore is entitled to qualified immunity.

269628992

5.      Plaintiff's claims against Defendants are barred in whole or in part because of Plaintiff's own actions, misconduct, unclean hands and/or misrepresentations.

6.      Plaintiff unreasonably failed to take advantage of preventative and/or corrective opportunities provided by Defendants and/or to avoid harm otherwise.

7.      Plaintiffs' claims against Defendants are barred in whole or in part because any actions, decisions or statements of Defendants relevant to this matter were made lawfully and in good faith solely on the basis of Defendants' business judgment.

8.      Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and laches.

9.      Plaintiff's claims are barred, in whole or in part, by her failure to exhaust administrative remedies and/or comply with conditions precedent.

10.     Plaintiff's claims should be dismissed, in whole or in part, because she has suffered no damages.

11.     Plaintiff is not entitled to any monetary relief, either in the form of back pay, front pay or compensatory damages, due to Plaintiff's failure to properly mitigate her damages and her damages, if any, are subject to appropriate set offs.

12.     Plaintiff's claims and requests for damages are barred, in whole or in part, by her own improper acts of omission and/or commission.

13.    Plaintiff's damages, if any, were not proximately or otherwise caused by the conduct of Defendants.

14.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations period.

15.    Plaintiff's claims are subject to mandatory agreement to arbitrate.

16.    Defendants reserve the right to add additional affirmative defenses as discovered in its continuing investigation and discovery.

WHEREFORE, Defendants request that this Court enter judgment against Plaintiff and in favor of Defendants, dismiss Plaintiff's First Amended Complaint in its entirety, with prejudice, and award Defendants their costs, attorneys' fees, including those costs and attorneys' fees wrongfully incurred under 42 U.S.C. § 1988, and other appropriate equitable relief.

Respectfully submitted,

s/ Christopher M. Trebilcock
Christopher M. Trebilcock (P62101)
Vincent C. Sallan (P79888)
Clark Hill PLC
Attorneys for Defendants
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226
(313) 965-8300
ctrebilcock@clarkhill.com
DATE:  December 30, 2022         vsallan@clarkhill.com

269628992

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2022, I electronically filed with the Clerk of Court the above Appearance using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

Respectfully submitted,

Date: December 30, 2022

By:  s/ Vincent C. Sallan
Vincent C. Sallan (P79888)
Clark Hill PLC

269628992