# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DANA O'NEAL,  Case No. 22-cv-10470

    Plaintiff,  Hon. Victoria A. Roberts

v.

52ND DISTRICT COURT and
JUDGE JOSEPH G. FABRIZIO,
in his personal capacity,

    Defendant.

| | |
|---|---|
| Noah S. Hurwitz (P74063) | Aaron C. Thomas (P55114) |
| Grant M. Vlahopoulos (P85633) | Oakland County Deputy Corp Counsel |
| HURWITZ LAW PLLC | Nicole B. Tabin (P73685) |
| Attorneys for Plaintiff | Sr. Asst. Oakland County Corp Counsel |
| 340 Beakes St., Suite 125 | *Attorneys for Defendants* |
| Ann Arbor, MI 48104 | 1200 N. Telegraph Road, Dept. 419 |
| (844) 847-9489 | Pontiac, Michigan 48341-0419 |
| Noah@hurwtizlaw.com | (248) 975-9616 / (248) 858-1475 |
| Grant@hurwitzlaw.com | thomasa@oakgov.com |
| | tabinn@oakgov.com |
| | |
| | Christopher M. Trebilcock (P62101) |
| | Vincent C. Sallan (P79888) |
| | CLARK HILL PLC |
| | *Attorneys for Defendants* |
| | 500 Woodward Avenue – Suite 3500 |
| | Detroit, Michigan 48226 |
| | (313) 965-8300 |
| | ctrebilcock@clarkhill.com |
| | vsallan@clarkhill.com |

## **RULE 26(f) JOINT DISCOVERY PLAN**

270082323

Plaintiff DANA O'NEAL ("Plaintiff") and Defendant 52ND DISTRICT COURT and JUDGE JOSEPH G. FABRIZIO, in his personal capacity ("Defendants") through their respective counsel of record, jointly submit this Joint Discovery Plan. An initial scheduling conference has been set for February 16, 2023 at 11:30 a.m. via Zoom teleconferencing.

1) **Related Case:** This case is not related to any other pending civil case.

2) **Jurisdiction:** The U.S. District Court for the Eastern District of Michigan has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343(a)(4) (jurisdiction over civil rights claims).

3) **Venue:** Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391, as it is the district where the Defendants' principal place of business is located and where the events giving rise to Plaintiff's claims took place.

4) **Factual Summary and Summary of Factual and Legal Issues:** Counsel drafted the following summaries of their respective positions and the principal factual and legal issues. The signatures on this document are not an admission to the validity of any claim or defense set forth, does not constitute a waiver of any claims or defenses in the pleadings, and does not indicate agreement with any of the facts or legal issues presented.

**Plaintiff:** Plaintiff was Court Administrator at the Oakland County 52-4 District Court and witnessed Judge Kristin Hartig mistreating employees and

members of the public from the outset of her employment. Plaintiff complained about Judge Hartig's conduct to Chief Judge Fabrizio and Judge Maureen McGinnis. Plaintiff maintained records and notes of Judge Hartig's myriad bad acts. In August 2018, Judge Hartig hailed Plaintiff to open court to accuse her of mismanaging grant funding. Plaintiff reported the incident to Chief Judge Fabrizio, who escalated the matter to SCAO, including both a transcript and video recording of the August 2018 incident. Chief Judge Fabrizio admonished Judge Hartig for her behavior and SCAO advised Plaintiff to keep documenting such actions. For the next two years, Judge Hartig's terrible behavior continue. In March 2020, Human Resources conducted a formal investigation. Human Resources concluded that a hostile work environment existed within the County and instructed Chief Judge Fabrizio to forward the findings and final report to SCAO and JTC.

The JTC launched an investigation into Judge Hartig's conduct in July 2020. Chief Judge Fabrizio directed Judge Hartig to cease all communication with Plaintiff unless it was via email or over video conference with a third-party present. Plaintiff cooperated with the JTC investigation. Plaintiff was responsible for providing names and contact as well as managing the logistical details for the JTC interviews. In November 2020, JTC interviewed current and former County employees, local law enforcement and local attorneys. In or about September 2021, JTC informed Plaintiff that evidence showed that Judge Hartig created a hostile work environment.

In early 2021, Court Administrator Alex Black contacted Plaintiff to instruct her to stop contacting Chief Judge Fabrizio because he did not know "why or how to assist" Plaintiff. Plaintiff questioned why Chief Judge Fabrizio would not contact her personally, and Ms. Black stated that Chief Judge Fabrizio did not want to "upset" Plaintiff. On September 13, 2021, Plaintiff was called to a meeting with Judge McGinnis and Chief Judge Fabrizio. Plaintiff was not provided any direction or information as to the reason for the meeting. During the meeting, Chief Judge Fabrizio questioned why staffing levels at the Court were low, as vacant positions were not being filled and new hires decided last-minute that they no longer wanted the job. On December 10, 2021, Defendant abruptly terminated Plaintiff while the JTC investigation remained open. Plaintiff's cooperation with the SCAO and involvement in the JTC investigation was a substantial or motivating factor in Defendant's decision to terminate her. No justification was otherwise provided. There was no formal negative performance evaluation, corrective action, employee assistance program—all of which are customary prior to termination. The purported termination reason remained a mystery while Plaintiff was escorted by law enforcement off the premises without any of her belongings.

**Defendants:** Defendants deny that Plaintiff's termination was for any improper or unlawful reason and dispute the picture Plaintiff attempts to paint of the facts and circumstances leading up to her termination.

Plaintiff was hired to serve as the Court Administrator for the 52-4 District Court in April 2018. Defendants deny that Plaintiff's termination had anything to do with Plaintiff reporting any conduct by Judge Hartig or participating in the Judicial Tenure Commission investigation. Rather, Plaintiff's termination was entirely based on Plaintiff's poor performance as a Court Administrator. Indeed, Judge Fabrizio supported Plaintiff throughout the Judicial Tenure Commission process and signed the Request for Investigation that had to be submitted to initiate the process. What is more, Plaintiff's termination came well over a year after the Judicial Tenure Commission process began and was based on well-documented and demonstrative poor performance and neglect of duty.

**5)** **Amendment of Pleadings:** At this juncture of the case, the Parties do not anticipate amendments to the First Amended Complaint or Answer.

**6)** **Admissions of facts and stipulations to the authenticity of documents:** The Parties anticipate being able to narrow factual issues after completing discovery. The Parties further agree to work together to resolve any issues related to the authenticity and admission of any documents.

**7)** **Discovery.**

    **a.** **Initial Disclosures:**

        i. Initial disclosures pursuant to FED. R. CIV. P. 26(a)(1)(A) shall be served within fourteen (14) days of the conference

270082323

of the Parties pursuant to FED. R. CIV. P. 26(a)(1)(C) or by March 1, 2023.

**b.      Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to particular issues:**

Discovery will be needed on issues of liability, defenses, and damages. The Parties propose that discovery be completed within eight (8) months of the issuance of the scheduling order, or by November 1, 2023. The Parties believe the issues for discovery are adequately framed by Plaintiff's Amended Complaint and Defendant's Answer and Affirmative Defenses.

The Parties propose as follows for an appropriate case management plan:

| Event | Deadline |
| --- | --- |
| Timing of Initial Disclosures | March 1, 2023 |
| Preliminary Witness List Exchange | July 1, 2023 |
| Discovery Completion | November 1, 2023 |
| Expert Witness Disclosures | As outlined below, if necessary |
| Dispositive Motion Filing Deadline | December 15, 2023 |
| Joint Final Pre-Trial Report | One week before Final Pre-Trial Conference |
| Final Pre-Trial Conference | To be set by the court |

| Trial Date | To be set by the court |
|---|---|
| Jury or Bench Trial | Jury Trial |
| Estimated Length of Time | 5-7 full trial days |

Plaintiff anticipates deposing decision-makers. Defendant anticipates deposing Plaintiff. The attorneys will evaluate the need for additional depositions after the initial depositions have been taken.

At this time, the Parties do not expect that expert testimony will be necessary. However, to the extent any party intends to use an expert in this case, the Parties agree to the following:

    a.    Any expert witness whose testimony relates to liability that a party may call at trial, or utilize in a dispositive motion or response to a dispositive motion, must be disclosed no later than ninety (60) days before the close of discovery, and the expert must also provide the opposing party with a written report that contains the information required under Fed. R. Civ. P. 26(a)(2)(B) by the same deadline.

    b.    Any expert witness whose testimony relates to damages only that Plaintiff may call at trial must be disclosed on a supplemental witness list filed by Plaintiff within thirty (30) days after the Court's ruling on any dispositive motion or, in the absence of such a motion, no later than ninety (90) days before trial. The expert must also provide Defendant with a written report that contains the information required under Fed. R. Civ. P. 26(a)(2)(B) by the same deadline.

    c.    Any expert witness whose testimony relates to damages only that Defendant may call at trial must be disclosed on a supplemental witness list filed by Defendant within thirty (30) days after receipt of Plaintiff's damages expert's report. The Defendant's

7

        expert(s) must also provide Plaintiff with a written report that contains the information required under Fed. R. Civ. P. 26(a)(2)(B) by the same deadline.

    d.    Once a listed expert witness has provided his/her written report, either party may notice the expert's deposition for a date, time, and location to be agreed upon by the Parties, but any such deposition must be completed no later than fourteen (14) days before trial.

    e.    Fed. R. Civ. P. 37(c)(1) shall apply to a party's failure to list an expert witness.

**8) Limitations on Discovery:** At the present time, the Parties do not foresee any need to modify the limitations on discovery or the discovery requirements set forth by the Federal Rules of Civil Procedure, including the number of depositions, the length of any such depositions, or the number of interrogatories.

**9) Electronic Discovery:** The Parties have discussed the production of electronically stored information and suggest that such information be handled as follows: The Parties agree that electronic information shall be produced in a format that is compatible with common software such as Microsoft Word, Excel, and Adobe. Alternatively, electronic data may be produced in a hard copy format such that the paper copy does not result in loss of data. If discovery of ESI becomes more complex than currently anticipated, the Parties shall craft a method for obtaining ESI in a manner that promotes transparency and efficiency while reducing the expense for any party. The Parties also reserve the right to request production of ESI in its original or native format subject to the Parties' rights and obligations under the

Federal Rules of Civil Procedure.

**10) Discovery Disputes:** The Parties have no outstanding or anticipated discovery disputes as this time.

**11) Privilege or Protected Materials:** The Parties have not identified any specific issues regarding claims of privilege or production of trial preparation material at this time. The Parties may move for the entry of an appropriate protective order but are not certain if one will be required at this time.

**12) Insurance**: No insurance is available to satisfy part or all of a judgment, including indemnification agreements.

**13) Settlement:** The Parties are amenable to early settlement conference with the Magistrate Judge. The Parties would also be willing to participate in non-binding facilitation with a private mediator. It would be most useful to attend facilitation after an initial round of discovery, including the taking of Plaintiff's deposition, has taken place.

The Parties do not believe this case is an appropriate candidate for the case evaluation process under Michigan Court Rule 2.403 (which this Court has adopted and made applicable to proceedings in the Eastern District of Michigan pursuant to E.D. Mich. LR 16.3).

**14) Anticipated Motions:** Defendants anticipate filing a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 following the close of discovery.

**15)** **Consent:** The Parties do not agree to having a United States Magistrate Judge conduct any and all further proceedings in the case.

**16)** **Trial:** This case is to be tried before a jury.

**17)** **Each Side's View of What it Would Take to Resolve This Matter:**

The Parties believe that this matter could be resolved through non-binding facilitation or through a settlement conference with the Magistrate Judge following some modest discovery, including Plaintiff's deposition.

Respectfully submitted,

| | |
|---|---|
| HURWITZ LAW PLLC | CLARK HILL PLC |
| */s/ Noah Hurwitz*_____ | */s/ Vincent C. Sallan*_____ |
| Noah S. Hurwitz (P74063) | Christopher M. Trebilcock (P62101) |
| Grant M. Vlahopoulos (P85633) | Vincent C. Sallan (P79888) |
| 617 Detroit Street, Suite 125 | 500 Woodward Avenue, Suite 3500 |
| Ann Arbor, MI 48104 | Detroit, MI 48226 |
| (844) 487-9489 | (313) 965-8300 |
| Noah@hurwtizlaw.com | ctrebilcock@clarkhill.com |
| grant@hurwitzlaw.com | vsallan@clarkhill.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

Dated: February 2, 2023

270082323